# In the United States Court of Federal Claims

No. 15-1075C
(Filed January 21, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
RON HADDAD, Jr.,                              *
                                              *
            Plaintiff,                        *
    v.                                        *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

JAN 21 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On January 11, 2016, the Clerk's office received a document from Mr. Haddad, which was not filed when received because it was not of a type recognizable for filing under our rules. Instead of being in the form of a motion, the document is called an "Order," although it seems to be a request that a default judgment be entered in this case. Taking plaintiff's *pro se* status into consideration, the Court will construe the document as a motion for a default judgment under Rule 55 of the Rules of United States Court of Federal Claims (RCFC). The Clerk is directed to file the document as such.

The document is nearly identical to a document plaintiff submitted on the same day bearing case number 15-1418C. It appears, based on a "Proof of Service" appended to the back, that another copy was submitted to the Seventh Circuit.† The document discusses, and contains attachments pertaining to, plaintiff's two cases remaining in our court, and two cases (numbered 15-1398 and 15-3803) before the Seventh Circuit. On January 19, 2016, the Clerk's office received a corrected version of the document, minus the attachments, which was not filed when received

---

† The "Proof of Service" certificates plaintiff submitted do not unambiguously claim that he served the documents on opposing parties, but instead seem to demand that the clerks of the two courts do so for him, due to his limited resources. Although the Court notes that plaintiff's resources have been sufficient to allow him to submit numerous documents in his three proceedings in this court, the Clerk is directed to send a copy of these documents to government counsel.

for the same reason described above. The Clerk is directed to file it as an amendment to the motion for a default judgment, and the Court will consider the corrected version plus the initial attachments.

Focusing on the matters which relate to the above-captioned case, plaintiff contends that a default judgment is appropriate because four documents, which were among those collectively treated as his response to the government's motion to dismiss this case, *see* ECF No. 10, were not responded to by the government within a ten-day deadline that he allegedly imposed. But the government has responded to the complaint in a timely manner, with its motion to dismiss the case, and thus there is no default under RCFC 55(a). And the government's failure to respond to these documents within the period requested by plaintiff does not convert Mr. Haddad's legal and factual averments into evidence supporting a default judgment under RCFC 55(b), for at least two reasons.

First, even if the documents were in a proper form constituting a discovery request under rules --- interrogatories under RCFC 33, or requests for admission under RCFC 36 --- absent a stipulation or court order, the defendant would have thirty-three days from service to respond. *See* RCFC 6(d), 33(b)(2), 36(a)(3). Because the unusual form of these documents required leave of court for filing, the time period for responding began on the filing date of December 23, 2015, *see* RCFC 7.2(d), and thus the time to respond has not yet elapsed. In any event, given the pendency of the motion to dismiss the case, the documents were not treated as discovery requests but rather as plaintiff's response to the motion, and thus the government had the option to reply within 17 days of service. *See* RCFC 6(d), 7.2(b)(2).

Second, and more fundamentally, the question of a federal court's subject-matter jurisdiction is a matter that cannot be waived or conceded by a defendant. *See, e.g., John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). Thus, even were the government to ignore, or even agree with, Mr. Haddad's legal or factual contentions relating to our court's jurisdiction, our power to hear the case must nevertheless be demonstrated to the Court's satisfaction by plaintiff. Because plaintiff has stated no proper grounds for a default judgment, the motion is **DENIED**, and the government need not respond to the motion.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge